UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24077-CIV-MARTINEZ/DUBÉ

MARIA R. MARTINEZ,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Motion for Remand filed by the Defendant (D.E. #9); the Motion for Sentence Four Remand filed by the Defendant (D.E. #15); and the Motion to Withdraw Motion for Sentence Six Remand filed by the Defendant (D.E. #16) pursuant to a Clerk's Notice of Magistrate Judge Assignment entered by the Clerk of Court, United States District Court for the Southern District of Florida. This Court has reviewed the motions and the file in this cause.

### I. FACTS

The Plaintiff has filed a complaint seeking review of a decision denying her application for disability insurance benefits. On February 17, 2011, the Defendant filed a Motion to Remand under sentence six of 42 U.S.C. §405 (g) due to the Plaintiff's record containing medical records belonging to another person and the ALJ referencing this information in his decision. The Defendant contends that good cause supports a remand under sentence six and requests this case be remanded for the Commissioner to conduct a *de novo* hearing and issue a new decision. (D.E. #9).

In the Plaintiff's response to the Defendant's Motion to Remand under sentence six, she asserts that the Defendant did not specify what medical evidence in the record did not pertain to the

Plaintiff, nor did the Defendant indicate whether the ALJ actually relied on this information in his decision to deny the Plaintiff's application for disability benefits. For this reason, the Plaintiff contends the Defendant has failed to demonstrate that the inclusion of this evidence was harmful error and the proper remedy is remand. (D.E. #11).

The Defendant's reply stated that a remand is proper because the record contains medical records from Miami Beach Community Health Center dated June 29, 2006 to April 23, 2007, which belong to another person (not the Plaintiff) and was referenced by the ALJ on page 6 of his decision. Specifically, the Defendant noted Exhibit 9F, pages 15, 17, 18 and 20 through 32. (D.E. #12).

On March 4, 2011, the Plaintiff filed her response to the Defendant's Reply Regarding Motion for Sentence Six Remand and contends that the Defendant again failed to demonstrate that the inclusion of the medical records dated June 28, 2006 through April 23, 2007, from Miami Beach Community Health Center was harmful error. Additionally, the Plaintiff contends that remanding this case for the reasons stated by the Defendant will unnecessarily delay this matter and cause her undue hardship. (D.E. #13).

A Motion for Sentence Four Remand was filed by the Defendant on March 14, 2011, which asserts that this cause should be remanded for reasons already noted in the Defendant's initial motion. According to the Defendant, upon remand, the extra medical records related to a person other than the Plaintiff will be removed from the transcript and the ALJ will render a decision that references and considers only those records that pertain to the Plaintiff. (D.E. #15).

Additionally, on March 14, 2011, the Defendant filed a Motion to Withdraw Motion for Sentence Six Remand. (D.E. #16). The Plaintiff filed a Response to the Defendant's Motion for Sentence Four Remand and again asserted that the Defendant has failed to demonstrate that the inclusion of the evidence from a person not the Defendant is harmful error and that remand is the proper remedy. The Plaintiff also asserted that remand will unnecessarily delay this matter and cause

2

her undue hardship. (D.E. #18).

## II. LEGAL ANALYSIS

Under Section 405(g) of the Social Security Act, a district court is permitted to remand an application for benefits to the Commissioner by two methods which are commonly denominated as "sentence four remands" and "sentence six remands." Ingram v. Commissioner for Social Security, 496 F.3d 1253 (11th Cir. 2007). A sentence four remand is appropriate when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record." Ingram, 496 F.3d at 1269. A "sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." Id., at 1267. While the claimant does not need a showing of good cause under sentence four, the claimant must show "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C.A. § 405(g), see also Ingram, 496 F.3d at 1258.

When the Appeals Council has denied review, only evidence presented to the ALJ will be considered when determining whether the ALJ's decision is supported by substantial evidence. Falge v. Apfel, 150 F. 3d 1320, 1323 (11th Cir. 1998). However, the Plaintiff can still succeed on her argument that remand is proper, if she can prove that the new evidence was submitted to the Appeals Council and the Appeals Council refused to consider the new evidence and denied review. The decision [the denial of review] is... subject to judicial review because it amounts to an error of law. Falge, at 1324.

In the instant case, the Defendant is seeking to remand this cause under sentence four. On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Kane v. Astrue, 2008 WL 2776774 (M.D. Fla 2008), citing to, Johnson v. Barnhart, 268 F.Supp.2d 1317, 1321 (M.D. Fla 2002).

As stated in the facts above, the Plaintiff objects to remand, among other reasons, because

3

it will cause her undue hardship. Since a certified transcript of this cause has not been filed, this Court is not able to review the record and determine whether the inclusion of the erroneous medical evidence in the Plaintiff's record was harmless error or not. Therefore, it is the opinion of this Court that the Defendant should have until April 29, 2011 to answer the Plaintiff's complaint and file a certified transcript.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is the recommendation of this Court that the Motion for Remand filed by the Defendant (D.E. #9) should be DEEMED as MOOT; the Motion for Sentence Four Remand filed by the Defendant (D.E. #15) should be DENIED; and the Motion to Withdraw Motion for Sentence Six Remand filed by the Defendant (D.E. #16) should be GRANTED. Additionally, the Defendant should be given until April 29, 2011 to answer the Plaintiff's complaint and file a certified transcript.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this __8__ day of April, 2011.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE